# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**STATE OF FLORIDA,**

    Plaintiff,

vs.                                         Case No. 4:20cv45-AW-CAS

**ARIES OBA EL,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case was initiated in this Court by Defendant Aries Oba El on January 27, 2020. ECF No. 1. The Defendant filed a document titled, "Legal Notice of Removal" in which he indicates he is removing a case brought against him by the State of Florida. ECF No. 1. It appears that Defendant seeks to remove the case from the Second Judicial Circuit Court, in and for Leon County, Florida. ECF No. 1 at 1, 3. It further appears that Defendant Aries Oba El was previously known as Milton Maurice Hall and Lashawn Hall, *id.* at 3, although Defendant asserts that those are misnomers and artificial entities. *Id.* at 4; *see also* ECF No. 1-1.

Defendant contends that he is a natural person and those names are unconnected to his "Moorish Family Bloodline." *Id.* Defendant contends that he desires to state a counterclaim against the Plaintiff, but the document is nonsensical and unintelligible.

Moreover, the only document attached to the notice of removal is a summons addressed to Milton Maurice Hall. ECF No. 1-1 at 1. It is unclear when that document was received. Thus, it has not been properly filed because the removal statute requires a notice of removal to "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Furthermore, the notice of removal did not include a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice does not comply with § 1446(a) or (b), and

the Defendant has not shown that the case sought to be removed is removable pursuant to 28 U.S.C. § 1441.

In addition, Defendant has not paid the required filing fee to remove a case to federal court, nor has Defendant filed a proper financial affidavit and in forma pauperis motion. The "affidavit" fails to demonstrate that Defendant cannot afford to pay the filing fee for this case.

Because the notice of removal is insufficient and does not demonstrate that the case is properly removable, and because the filing fee has not been paid, the Defendant's notice of removal, ECF No. 1, must be rejected. If this case is indeed still pending in state court, it should be remanded. However, because Defendant has not made that demonstration, nor has it been shown that this Court has jurisdiction over this case, it is recommended that this action be summarily dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because the filing fee has not been paid nor a proper in forma pauperis motion filed, and because the "notice of removal" fails to comply with the

removal statutes and Defendant has not demonstrated that this Court has jurisdiction over this action.

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2020.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv45-AW-CAS